UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

DAVID BAKER,
    Plaintiff,

vs.

CHRISTOPHER LIND, *et al.*,
    Defendants.

Case No. 1:23-cv-321

McFarland, J.
Litkovitz, M.J.

REPORT AND RECOMMENDATION
AND ORDER

    Plaintiff,[1] a resident of Cincinnati, Ohio, has filed a pro se civil rights complaint pursuant to 42 U.S.C. § 1983. (Doc. 1-2). Plaintiff names as defendants City of Cincinnati, Ohio police officer Christopher Lind and Lt. David Schofield. (*Id.*). By separate Order, plaintiff has been granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915.

    This matter is now before the Court for a s*ua sponte* review of the complaint to determine whether the complaint or any portion of it should be dismissed because it is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant who is immune from such relief. *See* Prison Litigation Reform Act of 1995 § 804, 28 U.S.C. § 1915(e)(2)(B).

## Screening of Complaint

    A.    **Legal Standard**

    In enacting the original *in forma pauperis* statute, Congress recognized that a "litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits." *Denton*

---

[1] Mr. Baker purports to bring this action on behalf of Elijah Bright, who is also named as a plaintiff. But Mr. Bright has neither signed the complaint nor submitted an application to proceed without prepayment of fees. *See* Fed. R. Civ. P. 11. As a non-attorney, Mr. Baker can only represent himself here pursuant to 28 U.S.C. § 1654, which provides "[i]n all courts of the United States the parties may plead and conduct their own cases personally or by counsel as, by the rules of such courts, respectively, are permitted to manage and conduct causes therein." The complaint is thus construed as being brought solely by Mr. Baker.

v. *Hernandez,* 504 U.S. 25, 31 (1992) (quoting *Neitzke v. Williams,* 490 U.S. 319, 324 (1989)). To prevent such abusive litigation, Congress has authorized federal courts to dismiss an *in forma pauperis* complaint if they are satisfied that the action is frivolous or malicious. *Id.*; *see also* 28 U.S.C. §§ 1915(e)(2)(B)(i) and 1915A(b)(1). A complaint may be dismissed as frivolous when the plaintiff cannot make any claim with a rational or arguable basis in fact or law. *Neitzke v. Williams,* 490 U.S. 319, 328-29 (1989); *see also Lawler v. Marshall*, 898 F.2d 1196, 1198 (6th Cir. 1990). An action has no arguable legal basis when the defendant is immune from suit or when plaintiff claims a violation of a legal interest which clearly does not exist. *Neitzke,* 490 U.S. at 327. An action has no arguable factual basis when the allegations are delusional or rise to the level of the irrational or "wholly incredible." *Denton,* 504 U.S. at 32; *Lawler,* 898 F.2d at 1199. The Court need not accept as true factual allegations that are "fantastic or delusional" in reviewing a complaint for frivolousness. *Hill v. Lappin*, 630 F.3d 468, 471 (6th Cir. 2010) (quoting *Neitzke*, 490 U.S. at 328).

Congress also has authorized the *sua sponte* dismissal of complaints that fail to state a claim upon which relief may be granted. 28 U.S.C. §§ 1915 (e)(2)(B)(ii) and 1915A(b)(1). A complaint filed by a *pro se* plaintiff must be "liberally construed" and "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (quoting *Estelle v. Gamble,* 429 U.S. 97, 106 (1976)). By the same token, however, the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also Hill*, 630 F.3d at 470-71 ("dismissal standard articulated in *Iqbal* and *Twombly* governs dismissals for failure to

state a claim" under §§ 1915A(b)(1) and 1915(e)(2)(B)(ii)).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). The Court must accept all well-pleaded factual allegations as true, but need not "accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555 (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). Although a complaint need not contain "detailed factual allegations," it must provide "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555). A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." *Id.* at 557. The complaint must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson*, 551 U.S. at 93 (citations omitted).

  **B.**  **Plaintiff's Complaint**

Plaintiff's complaint alleges, in relevant part, the following:

1. On May, 25th 2022, Officer Christopher Lind and Lt. David Schofield (officer Lind's supervisor at the time of the incident) police officers for the Cincinnati police department violated my 4th and 14th amendment rights to the [U]nited [S]tates [C]onstitution while acting under color of state law for the Cincinnati police department (CPD) when they stopped and frisked Mr. Baker and Mr. Bright for allegedly hanging around some individuals who had warrants out for their arrest.

2. When Mr. Baker asked why he was being searched officer Lind stated, "These guys got warrants and your [sic] hanging out with them so your [sic] going to get patted down to [sic]."

3. A complaint was filed shortly after where Officer Lind stated to the CCA [Citizen Complaint Authority] investigator that his reason for stopping and

> searching Mr. Baker was because Hamilton County probation officers were watching a group of individuals, one of whom was wanted for a probation violation and another of whom had a warrant.
>
> 4. There was never a discription [sic] given of Mr. Baker or Mr. Bright committing drug transactions in the alleged group, there is no footage of Mr. Baker or Mr. Bright committing no hand transactions. (CPD) officers jumped out on everybody standing waiting to go in the conv[en]ience store. There was at least 10 (CPD) and probation officers on the scene, 4 of which responded before officers Lind and Scho[]field were on the scene who went after the actual targets of the investigation and officer Stewart moved me out the way, which clearly shows a lack of concern for his and other officers safety with me. The rest of the officers targeted the individuals that were the targets of the initial investigation while Lind and Schofield singled me and Bright out. Officers Lind or Schofield never had personal knowledge of me or Bright committing any crime upon their approach, only thing witnessed was me and Mr. Bright walking away.
>
> 5. I had on basketball shorts at the time with my arms folded across my chess (sic) when all officers approached me, my t-shirt was hiked up well above my waist where anyone looking could see that there was no weapon on my waist, you can also tell that there was also no sign of a bulge coming from my shorts.
>
> 6. Lieutenant David Schofield without being able to articulate any individual facts of criminal activity outside of probation officers alleged allegations about a group of unidentified guys assisted, watched and approved of officer Lind stop and frisk of me and Mr. Bright and did not intervene to stop officer Lind from continuing to violate our 4th amendment rights. Lieutenant David Schofield and Christopher Lind with limited knowledge of criminal activity agreed to stop and frisk Mr. Baker and Mr. Bright for no other reason than allegedly hanging around some individuals that was on probation and had warrants. . . .

(Doc. 1-2 at PAGEID 10). Plaintiff alleges he has experienced severe mental health problems as a result of this encounter, including a hospitalization. He alleges claims against both defendants in their individual and official capacities including claims of unlawful search and seizure under the Fourth and Fourteenth Amendments, civil conspiracy, failure to intervene and supervisory liability against defendant Schofield, intentional infliction of emotional distress, and negligent infliction of emotional distress. As relief, plaintiff seeks damages.

C.   Resolution

At this stage in the proceedings, without the benefit of briefing by the parties to this action and construing plaintiff's pro se complaint liberally, the undersigned concludes that the complaint is deserving of further development and may proceed at this juncture against defendant Lind in his individual capacity on plaintiff's Fourth Amendment unlawful search and seizure claim, *cf. Eisnnicher v. Bob Evans Farms Rest.*, 310 F. Supp. 2d 936 (S.D. Ohio 2004) (discussing circumstances under which "innocent bystander" may be temporarily detained), and against defendant Schofield in his individual capacity on plaintiff's failure to intervene claim, *cf. Siders v. City of Eastpointe*, 819 F. App'x 381 (6th Cir. 2020) (liability for failure-to-intervene claim depends on whether officer had "opportunity and means" to intervene). However, plaintiff's complaint in all other respects should be dismissed.

The complaint should be dismissed against defendants in their official capacities. Plaintiff's official capacity claims against defendants are essentially claims against their employing entity — the City of Cincinnati. To state a claim for relief against the City of Cincinnati, the complaint must allege facts showing that the misconduct giving rise to plaintiff's injuries resulted from a policy, statement, regulation, decision or custom promulgated by the City. *Bright v. Gallia Cnty., Ohio*, 753 F.3d 639, 660 (6th Cir. 2014) (citing *Shamaeizadeh v. Cunigan*, 338 F.3d 535, 556 (6th Cir. 2003)). Plaintiff has failed to allege that his rights were violated by a custom or policy of the City of Cincinnati as would be needed to hold these defendants liable in an official capacity. *See Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690 (1978). Therefore, the official capacity claims should be dismissed.

Plaintiff's claim against defendant Schofield based on a theory of supervisory liability

5

should also be dismissed. Plaintiff alleges that defendant Schofield "watched and approved of officer Lind['s] stop and frisk of me and did not intervene." (Doc. 1-2 at PAGEID 10). As explained above, the Court permits plaintiff's failure-to-intervene claim to proceed at this time against defendant Schofield. That said, the sole allegation that defendant Schofield "watched and approved" of the allegedly illegal search and seizure, without more, is insufficient to plausibly state a claim for supervisory liability under Section 1983. "It is well-settled that '[g]overnment officials may not be held liable for the unconstitutional conduct of their subordinates under the theory of respondeat superior.'" *Peatross v. City of Memphis*, 818 F.3d 233, 241 (6th Cir. 2016) (citing *Iqbal*, 556 U.S. at 676). "In other words, a supervisor cannot be held liable simply because he or she was charged with overseeing a subordinate who violated the constitutional rights of another." *Id*. (citing *Gregory v. City of Louisville*, 444 F.3d 725, 751 (6th Cir. 2006)). Therefore, this claim should be dismissed.

Next, plaintiff's complaint should be dismissed to the extent that plaintiff alleges that defendants "conspired to stop and frisk" him "without articulate facts to support reasonable suspicion that criminal activity was afoot. . . ." (Doc. 1-2 at PAGEID 11). "A civil conspiracy under § 1983 is an agreement between two or more persons to injure another by unlawful action." *Crowley v. Anderson Cty., Tenn*., 783 F. App'x 556, 560 (6th Cir. 2019) (internal citations and quotation marks omitted). "To prevail on a civil conspiracy claim, [a plaintiff] must show that (1) a 'single plan' existed, (2) [the defendant] 'shared in the general conspiratorial objective' to deprive [the plaintiff] of his constitutional (or federal statutory) rights, and (3) 'an overt act was committed in furtherance of the conspiracy that caused the injury' to [the plaintiff]." *Bazzi v. City of Dearborn*, 658 F.3d 598, 602 (6th Cir. 2011) (quoting

6

*Hooks v. Hooks*, 771 F.2d 935, 944 (6th Cir. 1985)). "The Sixth Circuit has warned that 'conspiracy claims must be pled with some degree of specificity and that vague and conclusory allegations unsupported by material facts will not be sufficient to state such a claim under § 1983.'" *Ayers v. Gabis*, No. 20-11735, 2021 WL 4316853, at *6 (E.D. Mich. Sept. 23, 2021) (quoting *Fieger v. Cox*, 524 F.3d 770, 776 (6th Cir. 2008)). "These guidelines have led the court to conclude that the 'pleading requirements governing civil conspiracies are relatively strict.'" *Id*.

Plaintiff's allegations fall short of meeting the specificity requirement. He simply alleges that defendants "conspired" to violate his constitutional rights. Such conclusory allegations are insufficient to state a conspiracy claim. Therefore, plaintiff's conspiracy claim should be dismissed.

Plaintiff's negligent and intentional infliction of emotional distress claims should also be dismissed. "To state a claim for negligent infliction of emotional distress under Ohio law, the plaintiff must allege that he was aware of real physical danger to himself or another." *Doe v. SexSearch.com*, 551 F.3d 412, 417 (6th Cir. 2008) (citing *Heiner v. Moretuzzo*, 652 N.E.2d 664, 669 (Ohio 1995); *King v. Bogner*, 624 N.E.2d 364, 367 (Ohio Ct. App. 1993)). "Ohio courts have limited recovery for negligent infliction of emotional distress to such instances as where one was a bystander to an accident or was in fear of physical consequences to his own person" *Heiner*, 652 N.E.2d at 669 (citations omitted).

Plaintiff's complaint fails to allege a claim of negligent infliction of emotional distress against defendants. None of plaintiff's allegations involves being a bystander to an accident or

7

an awareness of "real physical danger to himself or another." *Doe*, 551 F.3d at 417. Therefore, plaintiff's claim for negligent infliction of emotional distress should be dismissed.

A claim for intentional infliction of emotion distress under Ohio law includes these four elements:

> (1) that the actor either intended to cause emotional distress or knew or should have known that actions taken would result in serious emotional distress to the plaintiff; (2) that the actor's conduct was so extreme and outrageous as to go beyond all possible bounds of decency and was such that it can be considered as utterly intolerable in a civilized community; (3) that the actor's actions were the proximate cause of plaintiff's psychic injury; and (4) that the mental anguish suffered by plaintiff is serious and of a nature that no reasonable man could be expected to endure it.

*Pyle v. Pyle*, 463 N.E.2d 98, 103 (Ohio Ct. App. 1983) (internal citations and quotation marks omitted). "Liability has been found only where the conduct has been so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community." *Hayward v. Cleveland Clinic Found.*, 759 F.3d 601, 619 (6th Cir. 2014) (citation omitted). A party acts in an extreme and outrageous manner when "the recitation of the facts to an average member of the community would arouse his resentment against the actor, and lead him to exclaim, 'Outrageous!'" *Id.* (citation omitted).

Plaintiff's complaint fails to state a claim of intentional infliction of emotional distress against defendants. First, plaintiff has not alleged that defendants' alleged actions related to the stop and frisk were intended to cause him emotional distress or that they knew or should have known that those actions would result in serious emotional distress. *See Pyle*, 463 N.E.2d at 103. Second, the defendants' actions here do not rise to the level of "beyond all possible bounds of decency" and would not "extract the exclamation of 'outrageous!' from a reasonable person."

*Id.* at 103-04.  *See also Wells v. Akron*, 537 N.E. 2d 229, 232 (Ohio Ct. App. 1987) (police stop and search, accompanied by threats to the plaintiff's physical safety, are "not so outrageous as to go beyond all possible bounds of decency").  Plaintiff's emotional distress claims should be dismissed.

In sum, plaintiff may proceed at this time with his claims against defendant Lind in his individual capacity on plaintiff's Fourth Amendment unlawful search and seizure claim and against defendant Schofield in his individual capacity on plaintiff's failure to intervene claim. However, for the above-stated reasons, plaintiff's remaining claims should be dismissed.  *See* 28 U.S.C. § 1915(e)(2)(B).

## IT IS THEREFORE RECOMMENDED THAT:

1. The complaint be **DISMISSED with prejudice** pursuant to 28 U.S.C. § 1915(e)(2)(B), **with the exception of** plaintiff's claims against defendant Lind in his individual capacity on plaintiff's Fourth Amendment unlawful search and seizure claim and against defendant Schofield in his individual capacity on plaintiff's failure to intervene claim.

## IT IS THEREFORE ORDERED THAT:

1. The United States Marshal shall serve a copy of the complaint, summons, the Order granting plaintiff *in forma pauperis* status, and this Order and Report and Recommendation upon defendants Lind and Schofield as directed by plaintiff, with costs of service to be advanced by the United States.

2. Plaintiff shall serve upon defendants or, if appearance has been entered by counsel, upon defendants' attorney(s), a copy of every further pleading or other document submitted for consideration by the Court.  Plaintiff shall include with the original paper to be filed with the

Clerk of Court a certificate stating the date a true and correct copy of any document was mailed to defendants or defendants' counsel. Any paper received by a district judge or magistrate judge which has not been filed with the Clerk or which fails to include a certificate of service will be disregarded by the Court.

      3. Plaintiff shall inform the Court promptly of any changes in his address which may occur during the pendency of this lawsuit.

Date: 6/2/2023

Karen L. Litkovitz
United States Magistrate Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

DAVID BAKER,
    Plaintiff,

vs.

CHRISTOPHER LIND, *et al.*,
    Defendants.

Case No. 1:23-cv-321

McFarland, J.
Litkovitz, M.J.

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), WITHIN 14 DAYS after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. This period may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections WITHIN 14 DAYS after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).