UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| DAVID BAKER,<br>    Plaintiff, | Case No. 1:23-cv-321<br>McFarland, J.<br>Litkovitz, M.J. |
| v. | |
| CHRISTOPHER LIND, *et al.*,<br>    Defendants. | **ORDER AND REPORT<br>AND RECOMMENDATION** |

This matter is before the Court on pro se plaintiff David Baker's motion for leave to file an amended complaint. (Doc. 20). Plaintiff initiated this civil rights lawsuit on May 26, 2023, alleging claims related to a stop and frisk by defendants Officer Christopher Lind and Lieutenant David Schofield of the Cincinnati Police Department on May 25, 2022. (*See generally* Doc. 3). On June 2, 2023, the Court screened plaintiff's original complaint pursuant to the Prison Litigation Reform Act of 1995 § 804, 28 U.S.C. § 1915(e)(2)(B), and recommended that plaintiff's complaint be dismissed with prejudice, except for plaintiff's unlawful search and seizure claims against defendant Lind in his individual capacity and plaintiff's failure to intervene claim against defendant Schofield in his individual capacity. (Doc. 4 at PAGEID 36).[1] On August 21, 2023, plaintiff filed the instant motion.

**I.  Background**

    A. <u>Original complaint</u>

Plaintiff alleged that on May 25, 2022, he and Elijah Bright[2] were stopped and frisked by defendant Lind for "allegedly hanging around some individuals who had warrants out for their

---

[1] The District Judge has since adopted this recommendation. (*See* Doc. 21).
[2] Mr. Bright is not a plaintiff. Plaintiff named Mr. Bright as a co-plaintiff, but Mr. Bright did not sign the complaint. (*See* Doc. 3 at PAGEID 20, 24). In an order entered June 6, 2023, the Court directed the Clerk of Court to return the original complaint to Mr. Bright to sign and return within thirty days if he sought to remain as a party to the proceeding. (Doc. 7). To date, Mr. Bright has not returned the signed, original complaint.

arrest." (Doc. 3, PAGEID 25 at ¶¶ 1-3). Plaintiff alleged that Hamilton County probation officers had been watching these individuals because one was the subject of an outstanding arrest warrant and another was suspected of violating probation. (*Id.* at ¶ 3). Plaintiff alleged that defendants had no reason to believe that he had committed any crime, and that defendants witnessed nothing beyond plaintiff walking away upon their approach. (*Id.* at ¶ 4). Plaintiff alleged that his outfit—a shirt above his waist and basketball shorts—and folded-arms stance made clear that he was not concealing a weapon. (*Id.* at ¶ 5). Plaintiff alleged that defendant Shofield "watched and approved" and "did not intervene" to stop defendant Lind's illegal search and seizure. (*Id.* at ¶ 6). Plaintiff alleged that this incident caused him to be depressed, stressed, fatigued, and unable to keep a job or care for his daughter—leading to a related hospitalization and diagnosis of situational anxiety and insomnia. (*Id.*, PAGEID 26 at ¶¶ 8-9).

Based on these facts, plaintiff's first claim alleged unlawful seizure under the Fourth Amendment against both defendants in their individual and official capacities. (Doc. 3, PAGEID 27 at ¶ 14). Plaintiff's second claim alleged unlawful search under the Fourth Amendment against both defendants in their individual and official capacities. (*Id.*). Plaintiff's third claim alleged civil conspiracy against both defendants in their individual capacities. (*Id.*). Plaintiff's fourth claim alleged failure to intervene against defendant Schofield in his individual and official capacities. (*Id.*). Plaintiff's fifth claim alleged supervisory liability against defendant Schofield in his individual and official capacities. (*Id.*). Plaintiff's sixth claim alleged intentional infliction of emotional distress against both defendants in their individual capacities. (*Id.*). Plaintiff's seventh claim alleged negligent infliction of emotional distress is against both defendants in their individual capacities. (*Id.*).

    B. <u>Initial screening</u>

In its prior Report and Recommendation (Doc. 4), now adopted by the District Judge (Doc. 21), the Court determined that only plaintiff's unlawful search and seizure claims against defendant Lind[3] in his individual capacity (Claims 1 and 2) and his failure to intervene claim against defendant Shofield in his individual capacity (Claim 4) could proceed. (Doc. 4 at PAGEID 36). The Court determined that all of plaintiff's official capacity claims against defendants should be dismissed because plaintiff had not alleged that his injury was the result of a City of Cincinnati policy or custom. (Doc. 4 at PAGEID 32). *See Bright v. Gallia Cnty., Ohio*, 753 F.3d 639, 660 (6th Cir. 2014) (quoting *Shamaeizadeh v. Cunigan*, 338 F.3d 535, 556 (6th Cir. 2003) (in turn quoting *Monell v. Dept. of Soc. Servs.*, 436 U.S. 658, 690-91 (1978))) (Municipal liability must be predicated on action that "'implements or executes a policy statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers' or a 'constitutional deprivation [ ] visited pursuant to governmental custom even though such a custom has not received formal approval through the body's official decisionmaking channels.'").

The Court determined that plaintiff's supervisory liability claim against defendant Shofield (Claim 5) should be dismissed because plaintiff alleged only that defendant Shofield "watched and approved" (Doc. 3, PAGEID 25 at ¶ 6) of defendant Lind's unconstitutional actions. (Doc. 4 at PAGEID 32-33). *See Peatross v. City of Memphis*, 818 F.3d 233, 241 (6th Cir. 2016) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009)) ("It is well-settled that '[g]overnment officials may not be held liable for the unconstitutional conduct of their subordinates under the theory of *respondeat superior*.' . . . [A] supervisor cannot be held liable

---

[3] Though plaintiff asserted Claims 1 and 2 against both defendants, plaintiff did not allege that defendant Shofield search or seized him—only that he "watched and approved of" defendant Lind's search and seizure. (Doc. 3, PAGEID 25 at ¶ 6).

simply because he or she was charged with overseeing a subordinate who violated the constitutional rights of another.").

The Court determined that plaintiff's civil conspiracy claim (Claim 3) should be dismissed because his cursory allegation that defendants "conspired to stop and frisk" him (Doc. 3, PAGEID 26 at ¶ 11), without more, fell well short of the specificity required to plead such a claim. (Doc. 4 at PAGEID 33-34). *See Bazzi v. City of Dearborn*, 658 F.3d 598, 602 (6th Cir. 2011) (quoting *Hooks v. Hooks*, 771 F.2d 935, 944 (6th Cir. 1985)) (setting forth the elements of a conspiracy claim—a "single plan" between two or more defendants, a shared "conspiratorial objective" to deprive the plaintiff of his constitutional rights, and the commission of an "overt act" in furtherance thereof); *Fieger v. Cox*, 524 F.3d 770, 776 (6th Cir. 2008) (quoting *Gutierrez v. Lynch*, 826 F.2d 1534, 1538 (6th Cir. 1987)) ("It is 'well-settled that conspiracy claims must be pled with some degree of specificity and that vague and conclusory allegations unsupported by material facts will not be sufficient to state such a claim under § 1983.'").

The Court determined that plaintiff's negligent infliction of emotional distress claim (Claim 7) should be dismissed because plaintiff failed to allege that he was either "a bystander to an accident or was in fear of physical consequences to his own person." *Heiner v. Moretuzzo*, 652 N.E.2d 664, 669 (Ohio 1995) (citations omitted) (noting that Ohio courts have limited recovery for this tort to these two situations). (*See* Doc. 4 at PAGEID 34). Finally, the Court determined that plaintiff's intentional infliction of emotional distress claim (Claim 6) should be dismissed because plaintiff failed to allege that defendants' actions were taken to inflict emotional distress or with knowledge that they would result in serious emotional distress. (*See* Doc. 4 at PAGEID 35-36). *See Pyle v. Pyle*, 463 N.E.2d 98, 103-04 (Ohio Ct. App. 1983) (The first element of an intentional infliction of emotional distress claim is "that the actor either

4

intended to cause emotional distress or knew or should have known that actions taken would result in serious emotional distress to the plaintiff."). The Court also found that plaintiff failed to allege conduct so "outrageous" and "extreme" that it fell "beyond all possible bounds of decency"—the second element of an intentional infliction of emotional distress claim. *Hayward v. Cleveland Clinic Found.*, 759 F.3d 601, 619 (6th Cir. 2014) (citation omitted).

      C.  <u>Proposed amended complaint</u>

In his memorandum in support of the motion for leave to file an amended complaint, plaintiff argues that he seeks to "clear up any discrepancies" regarding his facts and pleadings. (Doc. 20 at PAGEID 86). Plaintiff states that he is adding civil conspiracy and failure to intervene claims against defendant Shofield in his individual capacity and a civil conspiracy claim against defendant Lind in his individual capacity. (*Id.*). Plaintiff states that he is withdrawing his negligent infliction of emotional distress claim and the official capacity component of his failure to intervene claims. (*Id.*).

Notwithstanding the above, and as best the Court can decipher, plaintiff's original complaint *already asserted* civil conspiracy and failure to intervene claims against defendant Shofield in his individual capacity and a civil conspiracy claim against defendant Lind in his individual capacity (*see* Doc. 3, PAGEID 27 at ¶ 14), and his proposed amended complaint *does not* withdraw the official capacity component of his failure to intervene claim (*see* Doc. 20, PAGEID 91 at ¶ 14). The only difference in substance between claims in the original complaint and those asserted in plaintiff's proposed amended complaint is the removal of the negligent infliction of emotional distress claim. (*Compare* Doc. 3 at PAGEID 27 *with* Doc. 20 at PAGEID 91).

5

Plaintiff's proposed amended complaint otherwise adds minor factual content, including that plaintiff was stopped and frisked after Mr. Bright (Doc. 20, PAGEID 88 at ¶¶ 1-2) and alleged dialogue between plaintiff and defendants that is consistent with plaintiff's original complaint (i.e., defendants expressing that they were stopping plaintiff because he was near other individuals suspected of unlawful activity) (*Id.* at ¶¶ 2-3).[4]

## II. Legal standard

Fed. R. Civ. P. 15(a) governs amendments to the pleadings. A complaint may be amended once as a matter of course within 21 days of service. Fed. R. Civ. P. 15(a)(1)(A). If a plaintiff wishes to amend the complaint after the 21-day period has expired, as in this case, he must obtain written consent of the opposing party or leave of the Court. Fed. R. Civ. P. 15(a)(2). Under Rule 15, leave should be "freely given," "[i]n the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc." *Foman v. Davis*, 371 U.S. 178, 182 (1962). "A proposed amendment is futile if the amendment could not withstand a Rule 12(b)(6) motion to dismiss." *Rose v. Hartford Underwriters Ins. Co.*, 203 F.3d 417, 420 (6th Cir. 2000) (citing *Thiokol Corp. v. Dept. of Treasury, State of Mich., Revenue Div.*, 987 F.2d 376, 382-83 (6th Cir. 1993).

## III. Analysis

Plaintiff's proposed amended complaint is futile to the extent it reasserts official capacity claims against defendants. Plaintiff's proposed amended complaint still fails to identify a municipal policy or custom that caused the alleged constitutional violations. (*See* Doc. 4 at

---

[4] Plaintiff designates two different paragraphs as "2."

PAGEID 32). *See Bright*, 753 F.3d at 660. Absent any basis for municipal liability, consistent with the Court's prior Report and Recommendation, plaintiff's proposed official capacity claims would not survive a motion to dismiss.

Plaintiff's proposed amended complaint is also futile to the extent it reasserts civil conspiracy claims. Plaintiff's proposed amended complaint contains no factual content to remedy the deficiencies identified in the Court's prior Report and Recommendation—namely, that plaintiff offered no specifics about the alleged conspiracy. (*See* Doc. 4, at PAGEID 33-34). *See Bazzi*, 658 F.3d at 602. Plaintiff's proposed conspiracy claims would not survive a motion to dismiss.

Plaintiff's proposed amended complaint is also futile to the extent it reasserts a supervisory liability claim. Like plaintiff's original complaint, plaintiff's proposed amended complaint seeks relief under the theory of *respondeat superior*, which is not cognizable under § 1983. (*See* Doc. 4, at PAGEID 33-34). *See Peatross*, 818 F.3d at 241. Plaintiff's proposed supervisory liability claim would not survive a motion to dismiss.

Plaintiff's proposed amended complaint is also futile to the extent it reasserts an intentional infliction of emotional distress claim. In its prior Report and Recommendation, the Court concluded that plaintiff failed to allege the requisite intent and extreme conduct necessary to support such a claim, and plaintiff fails to remedy those deficiencies here. (*See* Doc. 4 at PAGEID 35-36). *See Pyle*, 463 N.E.2d at 103-04; *Hayward*, 759 F.3d at 619. Plaintiff's proposed intentional infliction of emotional distress claim would not survive a motion to dismiss.

In its prior Report and Recommendation, the Court recommended that three claims proceed: plaintiff's Fourth Amendment search and seizure claims against defendant Lind and plaintiff's failure to intervene claim against defendant Schofield. (Doc. 4 at PAGEID 32). To

the extent plaintiff reasserts these claims, supported with additional factual content, and takes out his negligent infliction of emotional distress claim, plaintiff's motion for leave to amend complaint is **GRANTED**.

**IT IS THEREFORE RECOMMENDED THAT:**

1. Plaintiff's motion for leave to amend complaint (Doc. 20) be **DENIED in part** as to all official capacity claims, the unlawful search and seizure claim against defendant Shofield (Claims 1 and 2), the civil conspiracy claim against both defendants (Claim 3), the supervisory liability claim against defendant Shofield (Claim 5), and the intentional infliction of emotional distress claims against both defendants (Claim 6).

**IT IS THEREFORE ORDERED THAT:**

1. Plaintiff's motion for leave to amend complaint (Doc. 20) is otherwise **GRANTED** as explained herein.

Date: 10/6/2023

Karen L. Litkovitz
United States Magistrate Judge

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

| | |
|---|---|
| DAVID BAKER,<br>    Plaintiff, | Case No. 1:23-cv-321<br>McFarland, J.<br>Litkovitz, M.J. |
|          v. | |
| CHRISTOPHER LIND, *et al.*,<br>    Defendants. | |

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), WITHIN 14 DAYS after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. This period may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).