UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| DAVID BAKER,<br>　　Plaintiff, | Case No. 1:23-cv-321<br>McFarland, J.<br>Litkovitz, M.J. |
| 　　v. | |
| CHRISTOPHER LIND, et al.,<br>　　Defendants. | REPORT AND<br>RECOMMENDATION |

On October 10, 2023, defendants filed a motion to dismiss plaintiff's complaint. (Doc. 24). The next day, the Court mailed to plaintiff a separate Notice, which advised him that failure to respond to defendants' motion within 21 days from the date listed on its certificate of service could result in the dismissal of his case. (Doc. 25). The Court then granted plaintiff an extension of time to November 30, 2023, to respond to defendants' motion. (Doc. 28). To date, plaintiff has not filed a response to defendants' motion.

On December 18, 2023, the Court issued an Order to plaintiff to show cause on or before January 8, 2024, why the Court should not dismiss his case, with prejudice, for want of prosecution. (Doc. 30). Plaintiff did not respond to the Court's Order on or before that date.

"Federal courts possess certain 'inherent powers . . . to manage their own affairs so as to achieve the orderly and expeditious disposition of cases.'" *Goodyear Tire & Rubber Co. v. Haeger*, 581 U.S. 101, 107 (2017) (quoting *Link v. Wabash R.R.*, 370 U.S. 626, 630-31 (1962)). Plaintiff's failure to (1) respond to defendants' motion to dismiss and (2) respond to the Order to Show Cause (Doc. 30) warrants exercise of the Court's inherent power and dismissal of this case pursuant to Fed. R. Civ. P. 41(b) for failure to prosecute this matter. *See Link*, 370 U.S. at 630-31; *Jourdan v. Jabe*, 951 F.2d 108, 109-10 (6th Cir. 1991).

**IT IS THEREFORE RECOMMENDED THAT:**

1. This case be **DISMISSED** with prejudice for want of prosecution pursuant to Fed. R. Civ. P. 41(b).

2. The Court certify pursuant to 28 U.S.C. § 1915(a) that for the foregoing reasons an appeal of any Order adopting this Report and Recommendation would not be taken in good faith and therefore deny plaintiff leave to appeal *in forma pauperis*. Plaintiff remains free to apply to proceed *in forma pauperis* in the Court of Appeals. *See Callihan v. Schneider*, 178 F.3d 800, 803 (6th Cir. 1999), overruling in part *Floyd v. United States Postal Serv.*, 105 F.3d 274, 277 (6th Cir. 1997).

Date: 1/9/2024

Karen L. Litkovitz
Chief United States Magistrate Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

DAVID BAKER,
    Plaintiff,

v.

CHRISTOPHER LIND, et al.,
    Defendants.

Case No. 1:23-cv-321
McFarland, J.
Litkovitz, M.J.

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. This period may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).